# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JASMINE TAYLOR,

**Plaintiff,**

-vs-                                                            **Case No.  6:06-cv-460-Orl-18JGG**

EPOC CLINIC, INC.,
JAMES S. PENDERGRAFT, IV, M.D.,
                    **Defendants.**

---

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion for Summary Judgment (Doc. 6, filed May 8, 2006), to which Plaintiff responded in opposition (Doc. 11-1, filed June 5, 2006).  Plaintiff Jasmine Taylor ("Plaintiff") brings this action against Defendants EPOC Clinic, Inc. ("EPOC" or "the Clinic") and James S. Pendergraft, IV, M.D. (collectively, "Defendants"), alleging in a one-count Complaint the violation of her rights under the Employee Polygraph Protection Act of 1988 ("EPPA"), 29 U.S.C. § 2001, *et seq.*  After reviewing the motions and memoranda provided by each party, the Court grants summary judgment to Defendants.

## I. BACKGROUND

Plaintiff was employed by EPOC from August 22, 2005, to November 5, 2005, as a medical assistant at its offices in Orlando, Florida.  Plaintiff's supervisor during this period of time was Dora Nold ("Nold"), the Administrator of the Clinic.  In or about October 2005, two patients at the Clinic complained that they were missing money from their personal belongings while at the Clinic.  Nold at this point had a meeting with the staff at the Clinic, including

Plaintiff, informing them that a law enforcement investigation was underway, and that the employees may be asked to submit to a lie detector test in compliance with the investigation. Plaintiff alleges that Nold told the employees repeatedly that they were going to be required to take a polygraph test. Shortly thereafter, on November 4, 2005, a police detective came to EPOC and interviewed Plaintiff about the missing money. Plaintiff alleges that the detective informed her that EPOC requested her to submit to a polygraph test. Plaintiff initially agreed, but then decided that she did not want to undergo the polygraph test. Plaintiff was on schedule for multiple shifts later that week at work, but never returned to the Clinic after November 4, 2005. Plaintiff was subsequently terminated from her job on November 16, 2005, on account of being a no-call/no-show since her last day of work. Plaintiff does not claim that she was subject to an adverse employment action, merely that the Clinic violated her rights under the EPPA.

## II. DISCUSSION

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

## B. Analysis

For purposes of this order, the Court assumes that Defendants fall under the EPPA; i.e., that EPOC is an employer that engages in interstate commerce. See 29 U.S.C. § 2002 (stating that the EPPA applies to employers "engaged in or affecting commerce or in the production of goods for commerce"). Under the EPPA, an employer may not "directly or indirectly . . . require, request, suggest, or cause any employee or prospective employee to take or submit to any lie detector test." 29 U.S.C. § 2002(1). The Eleventh Circuit has specifically held that an employer's mere request is a violation. See Polkey v. Transtecs Corp., 404 F.3d 1264, 1268

(11th Cir. 2005) ("[T]he plain language of [§ 2002(1)] prohibits an employer from requesting or suggesting that an employee submit to a polygraph exam even where the test is ultimately not administered and no adverse employment action is taken as a consequence.").

Plaintiff claims that Nold stated to Plaintiff (and the other employees) that taking a polygraph test was going to be a future requirement as a result of the thefts. (See Pl. Aff. ¶¶ 4-6.) However, Defendants have produced two affidavits stating that the only discussion of a polygraph test on the part of Nold was in reference to a possible investigation by the police. (See Simeus Aff. ¶ 4; Nold Aff. ¶ 6.) Carmita Simeus, a medical assistant at the Clinic, specifically stated in her affidavit that "Nold told me and the other employees of the Clinic that she did not know what would happen during the investigation other than that she thought that we might be interviewed and that we might be asked to take a lie detector test." (Simeus Aff. ¶ 4.) Simeus' recollection of the event corresponds exactly to Nold's recollection, as stated in Nold's own affidavit:

> I advised the staff employees that law enforcement was conducting an investigation regarding some missing money from patients, that I did not know what the investigation might consist of as it was being handled by a Police Officer and that I thought as part of the investigation that we (including myself) might be interviewed and that we might be also asked to take a lie detector test.

(Nold Aff. ¶ 6.)

The only evidence that Plaintiff brings forward to contradict Defendants' affidavits is her own affidavit, in which she states that Nold stated that she was conducting her own investigation (not that of the police) and that polygraph tests would be required. (See Pl. Aff. ¶¶ 4-6.) Plaintiff states that Nold told the employees the following: "'I'm conducting an

investigation into theft from one of the patients. . . . Everybody is going to have to take a

polygraph test. You are all going to have to take a polygraph test. If any of you don't like it,

you can leave right now.'" (Pl. Aff. ⁴ 4.) This conduct alleged by Plaintiff (conducted by Nold

as a representative for Defendants), falls into the category of what is not permitted by the EPPA.

Taking Plaintiff's affidavit as fact. which the Court must do at the summary judgment stage,

Defendants appeared to "require, request, suggest, or cause [Plaintiff] . . . to take or submit to

[a] lie detector test," which is in violation of the EPPA.

However, there are exemptions to the EPPA. <u>See</u> 29 U.S.C. § 2006. An employer is

not prohibited from requesting an employee to submit to a polygraph test if the following

requirements are met:

> (1) the test is administered in connection with an ongoing investigation
> involving economic loss or injury to the employer's business, such as theft.
> embezzlement, misappropriation, or an act of unlawful industrial espionage or
> sabotage;

> (2) the employee had access to the property that is the subject of the
> investigation;

> (3) the employer has a reasonable suspicion that the employee was involved in
> the incident or activity under investigation; and

> (4) the employer executes a statement, provided to the examinee before the test
> [that describes with specificity the examinee's alleged misconduct].

29 U.S.C. § 2006(d).

After considering the facts in a light most favorable to Plaintiff, as the Court must do

here, it is apparent that Defendants are entitled to this exemption and therefore have not violated

the EPPA. Plaintiff alleges that her supervisor, Nold, informed the employees that she was

conducting an investigation into the possible theft at the Clinic.  This satisfies the first requirement of the ongoing investigation exemption.  Plaintiff was one of only five employees that were included in the investigation, presumably because they were the only employees at the Clinic.  This fact satisfies both the second and third requirement for the exemption.  Plaintiff, as one of the five employees, had access to the property (patient's money) that is the subject of the investigation.  The employer would also, logically, have a reasonable suspicion of all five employees that had access to the stolen property (in light of the fact that there are so few individuals employed at the Clinic).  As for the fourth requirement, the Eleventh Circuit has held that when the employee never actually takes the lie detector test, (4) becomes inapplicable because the employee never becomes an actual "examinee."  Watson v. Drummond Co., 436 F.3d 1310, 1315 (11th Cir. 2006).  Plaintiff never actually took a polygraph test, therefore the fourth requirement does not apply.

In conclusion, even if the facts surrounding this incident occurred precisely as Plaintiff alleges, Defendants are still entitled to the "ongoing investigation" exemption as provided by 29 U.S.C. § 2006(d).  Plaintiff has failed to show that Defendants violated her rights under the EPPA.  As a result, Defendants are entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Motion for Summary

Judgment is **GRANTED**. The Clerk of the Court is to enter judgment accordingly and **CLOSE**

**THE CASE**.

**DONE** and **ORDERED** in Orlando, Florida on this _11th_ day of July, 2006.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-7-